**UNITED STATES v. CARTER et al.**

No. 12410.

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1948.

James H. Fort, Asst. U. S. Atty., of Macon, Ga., and Hilburt Slosberg, Sp. Litigation Atty., Office of Housing Expediter, of Washington D. C., for appellant.

A. Edward Smith and Grover C. Willis, Jr., both of Columbus, Ga., for appellees.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

The United States appeals from a judgment dismissing a complaint wherein it alleged violations of the Veterans' Emergency Housing Act of 1946, 60 Stat. 207, 50 U.S.C.A.Appendix, § 1821 et seq., and Priorities Regulation 33 [1] issued thereunder, in that appellees had received authorization for building, and priorities for constructing, dwelling houses for a number of veterans at a maximum selling price of $10,000 each, and that defendants violated the Act in selling the houses for $500 in excess of the authorized selling price.[2] The complaint seeks to require the defendants to make restitution of the overcharge to the several purchasers. A motion to dismiss the complaint was sustained on the ground that the Court was without jurisdiction since the statutory basis for the relief sought had been repealed by an Act containing no clause saving the remedies theretofore available.

The sole question presented to us, therefore, is whether the Housing and Rent Act

[1] Paragraph (g) (2) (ii) of Priorities Regulation 33 is as follows: "A builder must not sell a one-family dwelling built or converted under the Re-conversion Housing Program, including the land and all improvements (including garage if provided), for more than the maximum sales price specified in the application, including within this sales price the amount of any brokerage fees or commissions paid in connection with the sale, whether paid by the builder or by the purchaser."

[2] Section 5 of Veterans' Emergency Housing Act of 1946 is as follows: "It shall be unlawful for any person to effect, either as principal or broker, a sale of any housing accommodations at a price in excess of the maximum sales price applicable to such sale under the provisions of this Act, or to solicit or attempt, offer, or agree to make any such sale. It shall be unlawful for any person to violate the terms of any regulation or order issued under the provisions of this Act. * * *"

of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., took away the remedy whereby the Government could maintain an action to secure restitution of overcharges that had been made while the 1946 Act was in full effect.

■ The general law relating to the preservation of legal rights and remedies under a pre-existing statute is Title 1, Sec. 109, U.S.C.A., which provides: "Repeal of statutes as affecting existing liabilities. The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, *unless the repealing Act shall so expressly provide,* and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. The expiration of a temporary statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, *unless the temporary statute shall so expressly provide,* and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." (Emphasis added.)

It has long been held that this provision must be construed as part of subsequent repealing statutes which contain no express provision as to the repeal of remedies under the repealed statute. Great Northern R. Co. v. U. S., 208 U.S. 452, 28 S.Ct. 313, 52 L.Ed. 567.

■ Under this section penalties and liabilities accruing while an act was in force may be enforced after the repeal unless there is an express provision to the contrary in the repealing statute, and if a temporary statute expires by its own terms, the same is true unless such temporary statute also contains an express provision to the contrary.

■ Section 1(a) of the Housing and Rent Act of 1947 repeals Section 5[3] in part, together with other sections, of the 1946 Act except that it provides that: "* * * any allocations made or committed, or priorities granted for the delivery, or any housing materials or facilities under any regulation or order issued under the authority contained in said Act, and before the date of enactment of this Act, with respect to veterans of World War II, their immediate families, and others, shall remain in full force and effect."

We interpret the foregoing language to be an expression of the intent of Congress to retain in full force and effect all orders, commitments, regulations, and remedies relating to veterans' housing which had accrued prior to the date of the 1947 Act. At any rate, the foregoing language is the antithesis of the express language that Section 109 requires of a statute in order to repeal pre-existing remedies.

■ In the instant case, therefore, neither the temporary statute of 1946 nor the repealing Act of 1947 contains the express provision for the repeal of pre-existing remedies required by Sec. 109 Title 1, U. S.C.A.

We are of the opinion that the lower Court was in error in sustaining the motion to dismiss the complaint and its judgment is, therefore, reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

---

[3] Section 5 of the 1946 Act in question provides: "* * * the provisions of this Act, and of all regulations and orders issued thereunder, shall be treated as remaining in force, as to rights or liabilities incurred or offenses committed prior to such termination date, for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense."