THOMAS PEEL, Respondent, *v.* ROSE HUMMEL, Appellant.

County Court, Westchester County, March 13, 1951.

*Seymour Geller* for appellant.

*Waxstein & Gelbman* for respondent.

BRENNAN, J. This is an appeal from an order of the City Court of Yonkers, New York, dated September 26, 1950, denying the defendant's motion to dismiss the complaint herein upon the ground that the same fails to state facts sufficient to constitute a cause of action.

The complaint herein asks for treble damages and attorney's fees, in the total sum of $450, based upon a series of rent overcharges alleged to have been made between April 1, 1949, and August 31, 1949, during which period the Federal Housing and

Rent Act of 1947 as amended in 1948 and 1949 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*) was in effect. The main contention urged by the defendant in the court below and on this appeal is that the afore-mentioned Housing and Rent Act having been terminated in New York State on May 1, 1950, the rights and liabilities which were thereunder incurred prior to May 1, 1950, did not survive, but came to an end upon said termination. In support of her contention, the defendant argues that in order that said rights and liabilities may survive a termination of the act, there must be a saving clause to such effect and that no such saving clause exists under the provisions of paragraph (1) of subdivision (j) of section 204 of the afore-mentioned Housing and Rent Act (U. S. Code, tit. 50, Appendix, § 1894, subd. [j], par. [1]), which provides that the said act shall be terminated within a particular State whenever the Governor of such State advises the Federal Housing Expediter that the Legislature of said State has adequately provided for the establishment and maintenance of maximum rents or has expressed its intent that State rent control shall be in lieu of Federal rent control and of the date on which such State rent control shall be effective. Further, said defendant points out that Federal rent control terminated in New York State under the provisions of said paragraph (1) of subdivision (j) of section 204 (containing no saving clause) and that the sole saving clause contained in the afore-mentioned Federal Housing and Rent Act is that set forth in subdivision (f) of section 204 of said act but that said saving clause only applies where said act terminates either upon the specific date mentioned in said subdivision (f) of section 204 or upon a proclamation by the President that the emergency is over or upon a concurrent resolution by Congress that the emergency is over.

In the opinion of this court, the defendant's afore-mentioned contention cannot be sustained and the order of the City Court of Yonkers, New York, should be affirmed.

Rent control legislation by the Federal Government was originally contained in the provisions of the Emergency Price Control Act of 1942, as amended (U. S. Code, tit. 50, Appendix, § 901 *et seq.*), (Friedlander & Curreri on Rent Control, § 8.0, p. 19) ; and it is clear that the said Emergency Price Control Act as well as the subsequent 1947 Federal Housing and Rent Act, as amended in 1948 and 1949, were emergency or " temporary " statutes (*United States* v. *Auerbach,* 68 F. Supp. 776). In 1944, section 109 (formerly § 29) of title 1 of the United States Code was amended so as to provide that " The expiration of a

temporary statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the temporary statute shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.'' As a result of this amendment, all penalties and liabilities accruing while a temporary act was in force may be enforced after the expiration or termination of such an act unless the same contains an express provision to the contrary. (*United States* v. *Carter,* 171 F. 2d 530.) Accordingly, it is this court's opinion that all penalties and liabilities provided for in, and accruing under the 1947 Housing and Rent Act, as amended in 1948 and 1949, have survived and still remain enforcible (after the termination of said act) in the State of New York. Further, it is this court's opinion that no special significance may now be attributed to the saving clause which still exists under subdivision (f) of section 204 of said act for the reason that since the afore-mentioned amendment to section 109 of title 1 of the United States Code, said saving clause is no longer necessary, but like the saving clause contained in the Emergency Price Control Act of 1942 (discussed in *United States* v. *Auerbach, supra,* p. 779) has been unnecessarily continued in the subsequent enactments of this temporary statute which was first adopted prior to 1944, at which time said saving clause was deemed desirable and was then necessary.

There being no error, the order herein appealed from is affirmed. Settle order of affirmance on notice.