TERRITORY OF ALASKA *v.* AMERICAN
CAN CO. ET AL.

No. 40.   Argued December 9, 1958.—Decided January 12, 1959.

*J. Gerald Williams,* Attorney General of Alaska, argued
the cause for petitioner.   With him on the brief were
*David J. Pree,* Assistant Attorney General, and *Jack
O'Hair Asher,* Special Assistant Attorney General.

*W. C. Arnold* argued the cause for respondents.   With
him on the brief were *H. L. Faulkner* and *R. E. Robertson.*

MR. JUSTICE DOUGLAS delivered the opinion of the
Court.

Alaska, while a Territory, enacted a law which levied a
tax at the rate of 1 percent on all real and personal prop-

erty. L. 1949, c. 10, § 3. The tax was challenged in litigation without success.[1] Some paid the tax voluntarily; others became delinquent. In 1953 the tax statute was repealed. L. 1953, c. 22. Thereafter petitioner instituted the present suits to collect taxes owing for the years 1949 to 1952, inclusive. The District Court granted a motion to dismiss, holding that no liability for these taxes had survived the repeal. 137 F. Supp. 181. The Court of Appeals affirmed. 246 F. 2d 493. The case is here by a petition for writ of certiorari which was granted in view of the fiscal importance of the question to Alaska. 356 U. S. 926.

Alaska has a general law, saving rights accrued under a statute that is repealed.[2] The lower courts, however, held that this case was governed not by that provision but by § 2 (a) of the repealing Act which reads as follows:

> "Section 1 of this Act [3] shall not be applicable to:
> "(a) any taxes which have been levied and assessed by any municipality, school or public utility district under the provisions of Chapter 10, Session

---

[1] See *Mullaney* v. *Hess,* 189 F. 2d 417; *Hess* v. *Mullaney,* 213 F. 2d 635.

[2] Alaska Comp. L. Ann., 1949, § 19–1–1, reads as follows:
"The repeal or amendment of any statute shall not affect any offense committed or any act done or right accruing or accrued or any action or proceeding had or commenced prior to such repeal or amendment; nor shall any penalty, forfeiture or liability incurred under such statute be released or extinguished, but the same may be enforced, continued, sustained, prosecuted and punished under the repealing or amendatory statute save as limited by the ex post facto and other provisions of the Constitution, in which event the same may be enforced, continued, sustained, prosecuted and punished under the former law as if such repeal or amendment had not been made."

[3] Section 1 of the 1953 Act provides:
"That Chapter 10, Session Laws of Alaska, 1949, as amended by Chapter 88, Session Laws of Alaska, 1949, be and it is hereby repealed."

Laws of Alaska 1949, as amended, or which are levied and assessed during the current fiscal year of such municipality, school or public utility district."

It was held that this specific enactment qualifies the general repeal law and that the purpose of the 1953 Act was to wipe out any and all liabilities to pay taxes under the repealed law that had accrued prior to the date of repeal. Support for that conclusion was found in the title of the 1953 Act which includes the words "excepting from repeal certain taxes," no qualifications whatsoever being indicated.

We take a different view. Section 2 (a) of the 1953 Act, as we read it, has nothing to do with any taxes other than those payable to a municipality, a school or public utility district, none of which is here involved. If it had done no more than save all accrued taxes in those categories, the case would be in quite a different posture. Section 2 (a), however, does not do that. It was protective of municipal, school, or public utility taxes in a much broader way. It saved first, those taxes that had been "levied and assessed" and second, those to be "levied and assessed during the current fiscal year." This was to make sure, as the dissent below said, that municipalities and school and public utility districts (though not the Territory itself) would have the right to levy and collect the old taxes for the current year 1953, whether before or after the repealing Act had taken effect. So construed, § 2 (a) carves no exception from the general saving statute and does not interfere with the collection of unpaid taxes which accrued prior to repeal.

We are reinforced in this conclusion by the legislative history of the bill [4] that became the repealing Act, a his-

---

[4] We refer to the Alaska House and Senate Journals and to the original bill as introduced in the House which is on file with the Secretary of Alaska, a copy being certified by him.

tory of which we take judicial notice. See *United States
v. American Trucking Assns.,* 310 U. S. 534, 547. And
see Wigmore on Evidence (3d ed. 1940) § 2577. The bill
as introduced "cancelled, repealed and abrogated, and de-
clared null and void" "all accrued and unpaid taxes" under
the 1949 Act. That provision was deleted, however, by a
House Committee, and it never became part of the law.
The bill passed the House without it. The present
§ 2 (a) was added in the Senate; and the House agreed.
If we adopted the construction taken below, we would be
reading into the Act by implication what the Legislature
seemingly rejected.

The judgment of the Court of Appeals is reversed and,
as there are other questions which were raised by the
appeal (246 F. 2d 493, 495) but not reached by that
court, the cause is remanded to it for proceedings in
conformity with this opinion.

*It is so ordered.*

Mr. Justice Frankfurter and Mr. Justice Harlan
took no part in the consideration or decision of this case.