**HOMER ELECTRIC ASSOCIATION, INC.,**
an Alaska corporation, Appellant,

v.

**CITY OF KENAI, Alaska, Appellee.**

No. 675.

Supreme Court of Alaska.

Feb. 8, 1967.

Robert B. Flint and Kenneth McCaskey, Robison, McCaskey & Lewis, Anchorage, for appellant.

James E. Fisher, Kenai, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

RABINOWITZ, Justice.

This appeal concerns the relationship between a municipally owned and operated electrical utility and a public utility which has been certified under the Alaska Public Service Commission Act.[1]

Appellant, Homer Electric Association, instituted an injunction action in the superior court seeking to restrain appellee, city of Kenai, from paralleling any of its electrical distribution system located within

1. AS 42.05.010–42.05.650.

the corporate limits of the city of Kenai. Appellant then obtained an ex parte temporary restraining order.[2] The matter thereafter came before the lower court for a hearing as to whether a preliminary injunction should issue. At the conclusion of the hearing the superior court denied appellant's request for a preliminary injunction and ordered further briefs from the parties in regard to appellee's motion for summary judgment, which was directed against appellant's cause of action for a permanent injunction.

After the additional briefs were filed, the superior court entered findings of fact,[3] conclusions of law and a judgment denying appellant's prayers for both preliminary and permanent injunctions and granting appellee city of Kenai's motion for summary judgment. We affirm the judgment which was entered by the superior court.

The basic issue here is whether the Public Service Commissioner's issuance, to appellant Homer Electric, of a certificate of public convenience and necessity providing for a service area which encompassed within its territory the city of Kenai, precluded the city of Kenai from furnishing electrical energy within its own city limits, in competition with appellant's electrical distribution system.[4]

When the Alaska Public Service Commission Act first became law in 1959, municipal utilities were within its coverage.[5]

In 1963 the Governor submitted a bill designed to strengthen the Public Service Commission Act. This bill (House bill 158) died in committee after its introduction. During this same session of our legislature the House Commerce Committee introduced House bill 228 which was enacted into law.[6]

The Commerce Committee's bill prohibited any public utility from operating after January 1, 1964, without first having obtained from the Public Service Commission "a certificate declaring that public convenience and necessity require or will require the operation and delineating the

2. See Civ.R. 65(b).

3. Civ.R. 52(a) provides in part:
In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. * * * Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 [Summary Judgments] or any other motion except as provided in Rule 41 (b).
See also Palzer v. Serv-U-Meat Co., Opinion No. 367, 419 P.2d 201 (Alaska 1966).

4. Appellant has assigned as its specification of errors the following conclusions of law of the superior court:
3. The Public Utilities Act does not grant to the plaintiff, HOMER ELECTRICAL ASSOCIATION, INC., a right to serve customers within the area designated by the Certificate of Public Convenience and Necessity to the exclusion of municipal corporations who are not made subject to the act.
4. The City of Kenai is entitled to enter into competition with the plaintiff within the City of Kenai for customers for electrical service within that area, and such competition for electrical customers does not contravene the laws of the State of Alaska.
5. The defendant, CITY OF KENAI, may, for the purpose of serving customers within the City of Kenai, extend its distribution lines throughout the area, even though the effect thereof may be a certain duplication of electrical facilities.
6. No legal right of the plaintiff has been or is being violated by the defendant, and accordingly the plaintiff's motion for preliminary injunction and its prayer for a permanent injunction should be denied.

5. AS 42.05.640(2) formerly read in part: 'public utility' or 'utility' includes every corporation, whether municipal * * * that owns, operates, manages or controls any plant or system for the generation, transmission, or distribution of electric energy and power * * *.

6. AS 42.05.193–42.05.196; AS 42.05.640.

area where service is to be provided."[7] The 1963 act also provided for the issuance of certificates of public convenience and necessity to existing utilities.[8] The amendatory act also empowered the Public Service Commission to "grant a certificate to provide service in an area already served by a certificate holder only when the existing public utility or utilities serving the area are not providing and will not provide service to the satisfaction of the commission."[9]

Crucial to the determination of the issues in this appeal is the 1963 act's amendment of AS 42.05.640(2).[10] This amendment specifically excluded municipally owned and operated utilities from the coverage of the Alaska Public Service Commission Act.[11]

Against this truncated legislative history of the Alaska Public Service Commission Act a brief examination of the factual circumstances of the case at bar is appropriate. In May of 1960 the city of Kenai was incorporated as a home rule city. In February of 1962 the city of Kenai granted a franchise to the Kenai Power Corporation which had, since 1950, been in the business of furnishing electrical energy to portions

of the area which is presently incorporated within the limits of the city of Kenai. Subsequently, in 1963, the city of Kenai purchased all of the facilities of Kenai Power Corporation.[12]

Appellant, Homer Electric Association, Inc., is a nonprofit cooperative, organized under the Bureau of Electrification of the United States Department of Agriculture. In February 1965, appellant was granted, under the grandfather provisions of AS 42.05.194, a certificate of public convenience and necessity by the Public Service Commission. Pursuant to this certificate appellant was accorded the right to operate an electrical distribution system throughout the western portion of the Kenai peninsula. As indicated previously, the service area delineated in appellant's certificate of convenience and necessity included the geographical area lying within the limits of the city of Kenai.

Homer Electric Association first constructed and operated electrical distribution lines within portions of the area that is now encompassed within the city of Kenai in 1956.[13] The total value of appellant's entire electrical distribution system on the

7. AS 42.05.193. The full text of this amendment reads:
Certificates of convenience and necessity. No public utility shall operate after January 1, 1964, without first having obtained from the commission under this chapter a certificate declaring that public convenience and necessity require or will require the operation and delineating the area where service is to be provided.

8. AS 42.05.194 provides:
Certificates granted to existing utilities. A certificate shall be granted if it appears to the commission that the public utility was actually operating in good faith on October 15, 1962, within the confines of the requested area, or that the public utility was installing the facilities necessary to furnish service under a franchise as of that date.

9. The full text of AS 42.05.196 reads:
Power of commission to grant certificate. The commission shall have the power after hearing, upon reasonable notice to interested parties, to grant a certificate to provide service in an area already served by a certificate holder only when the existing public utility or utilities serving the area are not providing and will not provide service to the satisfaction of the commission. In all other cases, the commission with or without hearing may issue a certificate as requested or for good cause shown deny the same in whole or part.

10. See note 5 supra.

11. AS 42.05.640(2) was amended to exclude municipally owned or operated utilities from its definitions of "public utility" and "utility." This section of the Alaska Public Service Commission Act was further amended to read " * * * this chapter does not apply to * * * a municipally owned and operated utility."

12. This purchase by the city of Kenai, of Kenai Power Corporation, was made possible by the issuance of revenue bonds.

13. Later additional lines were built in 1957, 1958 and 1959.

Kenai peninsula is $6,100,000.[14] At the time this action was instituted below, appellant's total investment within the city of Kenai was $160,000, and it was serving a total of eighty-five consumers within the city.[15] The evidence adduced at the preliminary injunction hearing demonstrated that the city of Kenai had duplicated portions of appellant's electrical distribution system located within the city of Kenai and had succeeded in persuading eleven of appellant's customers to subscribe to its own electrical service. The record also discloses that at no time had the city of Kenai ever granted a franchise to appellant Homer Electric Association to operate within its city limits.

We are called upon to decide the effect of the 1963 amendments to Alaska Public Service Commission Act. More particularly, we must determine whether the issuance of a certificate of public convenience and necessity to appellant is a grant of an exclusive right, or monopoly, within the delineated service area, which is entitled to protection against competition from the city of Kenai's utility which is exempt from the Public Service Commission's regulation. The 1963 amendments to the Alaska Public

Service Commission Act are silent on the question of whether the grant of a certificate of public convenience and necessity was intended as a grant of a monopoly to the regulated utility.

In support of its contention that it received a monopoly by virtue of its certificate, appellant relies on the general policy behind state regulation of utilities and the legislative history of the 1963 amendments (House bill 228) to the Alaska Public Service Commission Act.[16] Appellant lays great stress upon the Governor's letter which accompanied the introduction of House bill 158 during the 1963 legislative session.[17]

House bill 158 required that public utilities obtain a certificate of public convenience and necessity, and specifically included municipal utilities within the jurisdiction of the Public Service Commission. This bill was then referred to the Commerce Committee and died there. Subsequently, the House Commerce Committee introduced House bill 228 which was signed into law by the Governor without comment.

Comparison reveals that the first four sections of House bill 158 were embodied and enacted in House bill 228 with only

14. Of this figure $3,573,571.17 represents the value of its total investment in electrical distribution facilities; the remaining balance represents appellant's investment in generation and general plant facilities. The financing for appellant's system was received from the Rural Applications Administration pursuant to a thirty-five year loan.

15. At the time the lawsuit arose appellant had a total of 2,000 customers throughout its entire service area.

16. Typical of the authorities cited by appellant in regard to its theory of state regulation of utilities argument is the following:

> The theory of the regulation of municipal public utilities by the state through such a commission is to avoid competition which is now generally recognized as a needless economic waste and an entirely insufficient method of securing the necessary regulation and control. Under this method the state

through its commission takes the place of competition and furnishes the regulation which competition can not give, and at the same time avoids the expense of duplication in the investment and operation of competing municipal public utilities.
3 Pond, Public Utilities § 901 (4th ed. 1932). See Corporation Comm'n of Arizona v. People's Freight Line, Inc., 41 Ariz. 158, 16 P.2d 420, 422 (1932); Calumet Serv. Co. v. City of Chilton, 148 Wis. 334, 135 N.W. 131, 143–144 (1912).

17. AS 24.30.060(b) provides in part:
Bills presented by the governor shall be delivered with a letter to the rules committee of either house and bear the inscription 'Rules Committee by Request of the Governor.' * * * The governor * * * may submit a statement of purpose and effect with each bill and appear personally or through a representative before any committee considering legislation.

minor changes.[18] The significant distinction between the Governor's proposed legislation (House bill 158) and the Commerce Committee's bill, which was enacted into law, is that the former specifically included municipal utilities (with the exception of water and sewer utilities) within the ambit of the Alaska Public Service Commission Act, whereas the latter amended AS 42.05.640(2) of the act to exclude municipally owned and operated utilities.[19]

We agree with appellant's assertion that it is an accepted method of determining legislative intent to look to introductory executive messages.[20] From a reading of the Governor's letter which accompanied the introduction of House bill 158, it is manifest that the Governor envisioned a certificate of public convenience and necessity as granting a monopoly.[21] On the other hand, it is equally apparent that the Governor also intended that municipal utilities were to be included under the proposed amendments.

In such circumstances we cannot find the legislature intended, by virtue of its passage of the 1963 amendments, that a certificate of public convenience and necessity was to be a monopoly grant in relation to competition from a municipally owned and operated utility. Contrary to appellant's position the legislative history of the 1963 amendments discloses that legislature specifically rejected a significant segment of the Governor's proposed legislation when it excluded municipally owned and operated utilities from the purview of the Alaska Public Service Commission Act.[22] We therefore hold that appellant's certificate did not grant to it the exclusive right to furnish electrical energy within the corporate limits of the city of Kenai.

It is not contested that the city of Kenai has the right to own and operate an electrical distribution system.[23] It is also recognized that a certificate of public convenience and necessity is a property

18. The following were enacted with minor changes: Proposed AS 42.06.010 was enacted as AS 42.05.193. Proposed AS 42.06.020 was enacted as AS 42.05.194. Proposed AS 42.06.030 was enacted as AS 42.05.195 and proposed AS 42.06.040 was enacted as AS 42.05.196.

19. See note 11 supra.

20. See 2 Sutherland, Statutory Construction § 5004 (3d ed. 1943).

21. The Governor's letter reads in part:
Utilities face problems which make it a necessity for them to operate on a noncompetitive basis in the areas they serve. A utility requires an enormous amount of capital for its facilities and a long period of time to realize a return on its capital investment. Instability and uncertainties are not conducive to long-range programs, and as smaller utilities are subject to unavoidable economic changes, the more unsuccessful they are likely to be. In short, competition in the utility field is not the life of trade. Duplication of facilities for a fixed market results in increased costs which are borne by the consumer. It is the function of the Public Service Commission to give utilities the equivalent of a monopoly over a designated area by granting that util-

ity a certificate of public convenience and necessity; this protection will provide it with sufficient stability upon which to build an economically sound company.
H.B. 158, Alaska House Journal, 3d Leg., 1st Sess., (March 6, 1963) Supp. at 3.

22. In Alaska Mines & Minerals, Inc. v. Alaska Industrial Bd., 354 P.2d 376, 379 (Alaska 1960), it was said:
The language of the statute is unambiguous. It clearly expresses the legislative intent. This being so, it must be enforced as it reads, and should not be modified or extended by judicial construction * * *.
See Territory of Alaska v. American Can Co., 358 U.S. 224, 226–227, 79 S.Ct. 274, 3 L.Ed.2d 257, 259 (1959); City of Seward v. Wisdom, Opinion No. 342, 413 P. 2d 931, 939 (Alaska 1966).

23. AS 29.10.135(a) provides:
The council may purchase, construct, or otherwise acquire, establish and operate public wharves, public sewers, public cold storage plants, telephone systems and plants for the use, sale and distribution of light, water, power, heat and telephone service and the collection and treatment of sewage for the residents of the city and the public.

right and as such entitled to protection.[24] If the city of Kenai had been acting unlawfully in duplicating within its limits appellant's electrical facilities and in engaging in competition for customers, appellant would have been entitled to an injunction restraining such activities.[25] In light of the 1963 amendments to the Alaska Public Service Commission Act we hold that the municipally owned and operated utility was acting lawfully in regard to its activities within the corporate limits of the city of Kenai and therefore appellant was not entitled to injunctive relief.

We deem it appropriate to note that today's decision is not a satisfactory solution to the issues which were raised in this appeal. In our view the question of the effect of the 1963 exemption of municipal utilities from the Alaska Public Service Commission Act and the relationship between municipal utilities and utilities regulated by the Public Service Commission is one requiring study and clarification by our legislature.

The judgment entered below is affirmed.

24. Frost v. Corporation Comm'n, 278 U.S. 515, 521, 49 S.Ct. 235, 73 L.Ed. 483, 488 (1929); Capital Elec. Power Ass'n v. Mississippi Power & Light Co., 240 Miss. 139, 125 So.2d 739, 743 (1961).

25. See Central Ill. Pub. Serv. Co. v. City of Bushnell, 109 F.2d 26, 29 (7th Cir. 1940); Arkansas-Missouri Power Co. v. City of Kennett, 78 F.2d 911, 914 (8th Cir. 1935). In the *City of Kennett* case the court said:

[I]f the city is proceeding unlawfully, then the power company may invoke the rule of law which protects the owner of a franchise or permit, although it be nonexclusive, against the illegal acts of others who propose to exercise the privilege conferred by the franchise.