**Jon Alan FREY**

v.

**UNITED STATES of America.**

**Civ. A. No. CA3–5997–F.**

United States District Court,
N. D. Texas,
Dallas Division.

April 22, 1975.

Motion to Reconsider Denied
May 16, 1975.

Harry W. Margolis, Dallas, Tex., for plaintiff.

Martha Joe Stroud, Asst. U. S. Atty., Larry R. Jones, Jr., Dept. of Justice, Tax Div., Dallas, Tex., for defendant.

## MEMORANDUM OPINION

ROBERT W. PORTER, District Judge.

This is a marijuana tax refund case now before the Court on the Plaintiff's Motion for Summary Judgment. I have concluded that the Plaintiff's position is correct and the United States' counterclaim for additional tax is improper because of the repeal of the tax in question. Therefore, summary judgment will be granted.

The Plaintiff, Jon Alan Frey, brought this suit on June 21, 1972, under 28 U.S.C. § 1346(a)(1) to recover the marijuana transfer tax imposed by the formerly applicable statute, 26 U.S.C. § 4741. As later amended, the sum sought is $1,516.40. The counterclaim alleges that Frey is liable not only for the tax he already has paid, but also for an additional $19,383.60 plus interest.

The tax in question no longer is in effect. Congress repealed it, effective May 1, 1971, following the Supreme Court decision reversing the conviction of Dr. Timothy F. Leary for violation of the Marijuana Tax Act. Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

■ The immediate dispute between the parties is whether either the saving clause in the statute repealing the tax or the general saving statute has the effect of preserving Mr. Frey's liability, as the government contends, or whether his liability was extinguished by the repeal of the tax, as he contends.

The repeal in question was accomplished by Pub.L. 91–513, 84 Stat. 1292. Section 1103 of that law was the saving clause, which provided:

(a) Prosecutions for any violation of law occurring prior to the effective date of section 1101 shall not be affected by the repeals or amendments made by such section or section 1102, or abated by reason thereof.

(b) Civil seizures or forfeitures and injunctive proceedings commenced prior to the effective date of section 1101 shall not be affected by the repeals or amendments made by such section or section 1102, or abated by reason thereof.

The general saving statute is found at 1 U.S.C. § 109:

The repeal of any statute shall not have the effect to release or extinguish any . . . liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purposes of sustaining any proper action or prosecution for the enforcement of such . . . liability. . . .

The Plaintiff argues, in short, that because the saving clause in the repealer specifically mentioned civil seizures or forfeitures and injunctive proceedings, but omitted any mention of tax collections, Congress did not intend to save tax matters from the repeal. Furthermore, the Plaintiff has agreed to a denial of his recovery of $1,516.40 provided that the Court grants his summary judgment as to the counterclaim and further that the Court determines he cannot recover the $1,516.40 in the summary judgment proceedings.

The government, on the other hand, emphasizes that under the general saving statute the liability for tax is not extinguished unless the repealing statute *expressly* so provides. It does not expressly so provide, of course, because it is silent as to taxes.

After a thorough review of the parties' briefs and oral arguments and the cases cited, I have concluded that Mr. Frey's tax liability was not saved by either statute, and the government may not prevail on its counterclaim.

A similar question was involved in Territory of Alaska v. American Can Company, 246 F.2d 493, 17 Alaska 280 (9th Cir. 1957), rev'd on other grounds 358 U.S. 224, 79 S.Ct. 274, 3 L.Ed.2d 257 (1959). Judge Lemmon cited the maxim *Expressio unius est exclusio alterius* (Expression of one thing is the exclusion of another) and an early Kansas case, State v. Showers, 34 Kan. 269, 8 P. 474 (1885) in concluding that the special saving clause there involved qualified and furnished exceptions to the territory's general saving statute.

The federal general saving statute was before the Supreme Court in Great Northern R. Co. v. United States, 208 U.S. 452, 28 S.Ct. 313, 52 L.Ed. 567 (1908). The Court said of the statute, "its provisions cannot justify a disregard of the will of Congress as manifested, either expressly or by necessary implication, in a subsequent enactment." 208 U.S. at 465, 28 S.Ct. at 316. Continuing, the Court wrote that the general saving statute must be enforced

> unless, either by express declaration or necessary implication, arising from the terms of the law as a whole, it results that the legislative mind will be set at naught by giving effect to the provisions of § 13 [now 1 U.S.C. § 109].

*Id.*

Although reasonable minds might differ, I conclude that the intent of Congress would be frustrated by invoking the general saving statute and holding that Mr. Frey's tax liability survived the repeal of the Marijuana Tax Act. It appears reasonable to me that Congress, realizing that the Supreme Court in *Leary, supra,* had dealt the tax law a crippling blow, decided to erase it from the statute books while providing that, inter alia, caches of marijuana need not be returned to the persons from whom they had been seized. In none of the cases cited by counsel did the Court find any mention of a situation in which Congress had repealed a statute because the Courts had washed away its constitutional underpinnings. Here, Mr. Frey paid $100 before the effective date of the repeal, and that sum as he now admits, is not recoverable. He paid an additional sum of $1,416.40 which he attempted to recover in this suit on a theory of selective enforcement of the marijuana tax laws, a ground which I have earlier refused to entertain because it was not advanced in his claim filed with the Internal Revenue Service. Let the matter rest there; the government is not entitled to squeeze an extra $19,383.60 under a statute that has been stripped of all vitality by the Supreme Court and repealed by Congress.

■ I have also considered the government's alternative theory, which in brief is that Mr. Frey, having previously pleaded guilty in this Court to a violation of the criminal portion of the marijuana law (the former 26 U.S.C. § 4744 (a)(2)), is collaterally estopped from contending he is not liable for the taxes demanded in the counterclaim. After reviewing the government's cases, I am unpersuaded by its argument.

### SUPPLEMENTAL MEMORANDUM OPINION

The United States has moved this Court to vacate its memorandum opinion and to reconsider its Motion for Summary Judgment. It has called to my attention two unreported district court cases in which the government has prevailed in similar situations. I have reviewed those opinions, Widdis v. United States, 395 F.Supp. 1015 (D.Alaska 1974) and Johnson v. City of Fairfax, 394 F. Supp. 387 (E.D.Va.1972) as well as the government's brief in support of its Motion, and I am unpersuaded that I should withdraw my opinion and grant summary judgment for the United States. The Motion is denied.