**Jon Alan FREY, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 75–2871.**

United States Court of Appeals, Fifth Circuit.

Aug. 29, 1977.

Rehearing Denied Oct. 5, 1977.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., Scott P. Crampton, Asst. Atty. Gen., Tax Div., Bennet N. Hollander, Joseph M. McManus, Gilbert E. Andrews, Jr., Chief, App. Sec., David English Carmack, U. S. Dept. of Justice, Washington, D. C., Martha J. Stroud, Asst. U. S. Atty., Dallas, Tex., for defendant-appellant.

Harry W. Margolis, Dallas, Tex., for plaintiff-appellee.

Before TUTTLE, GOLDBERG, and CLARK, Circuit Judges.

CLARK, Circuit Judge:

May the government collect an excise tax from a marihuana transferee under a statute that was repealed after the taxable event occurred? The district court answered no, accepting taxpayer's argument that a saving clause in the repealing legislation, which expressly saved civil seizures or forfeitures and certain injunctive actions but did not mention the tax, prevailed over the general saving statute, 1 U.S.C. § 109 (1970). The district court further reasoned that Congress so acted because *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), had "dealt the [Marihuana Tax Act] a crippling blow" and "washed away its constitutional underpinnings."

The government urges the opposite answer. It contends that a limited saving clause in repealer legislation cannot affect an implied, pro tanto repeal of the general saving statute, which states it would preserve the tax "unless the repealing act shall expressly so provide . . . ." It points out that the district court's construction would attribute to Congress an intent to preserve criminal prosecutions for failure to pay a tax that could not be collected. Finally, the government argues that the district court misconstrued *Leary's* holding as to the constitutionality of the tax involved.

We agree with the district court that *Leary* dealt the Marihuana Tax Act a crippling blow in holding its order form requirement amounted to self-incrimination, but it did not hold the tax to be unconstitutional. More importantly, we hold both parties are correct to the extent that their arguments prove it is impossible to divine a consistent or logical construction of the special saving clause in the repealing legislation and the general saving statute. At best, we are left with a tension between redundancy and absurdity. Within this limited range of choices, redundancy must be the answer.

The facts are not in dispute. On September 21, 1970, the taxpayer, Jon Allen Frey, was convicted upon his plea of guilty to violating the laws of the United States regulating the transfer of marihuana and the payment of a federal excise tax thereon. The subject transfer of 208.96 ounces of marihuana occurred during the period from April to May, 1969. Under the provisions of 26 U.S.C. § 4741(a)(2) then in effect, a tax was imposed upon such transfers at the rate of $100 per ounce. The Internal Revenue Service made an assessment against the taxpayer in the amount of $20,900 on August 29, 1969.

On October 27, 1970, the Comprehensive Drug Abuse Prevention and Control Act of 1970, P.L. 91–513, 84 Stat. 1236 (Drug Control Act), was enacted. Certain sections, including § 1103 which saved specific pending proceedings, became effective immediately. On March 25, 1971, taxpayer paid $100 of the above assessment and filed a timely refund claim. On May 1, 1971, the remainder of the Drug Control Act became effective. This included § 1101 which repealed the Marihuana Tax Act, 26 U.S.C. § 4741, *et seq.* Taxpayer paid an additional $1,416.40 of the above assessment on October 6, 1971, and instituted this action to recover both payments. The government denied taxpayer's right to recover and counterclaimed for the unpaid balance of the assessment. The district court granted taxpayer's motion for summary judgment

on the government's counterclaim. Taxpayer consented to a dismissal with prejudice of his entire claim for refund and the case was appealed.

Precedent requires that we construe the general saving statute as part of the Drug Control Act. *Great Northern Ry. Co. v. United States*, 208 U.S. 452, 28 S.Ct. 313, 52 L.Ed. 567 (1908); *United States v. Brown*, 429 F.2d 566 (5th Cir. 1970); *United States v. Carter*, 171 F.2d 530 (5th Cir. 1948). However, this does not advance the ball very far in the instant appeal.

The special saving clause of the Drug Control Act read as follows:

§ 1103. Pending Proceedings.

(a) Prosecutions for any violation of law occurring prior to the effective date of section 1101 [May 1, 1971] shall not be affected by the repeals or amendments made by such section or section 1102, or abated by reason thereof.

(b) Civil seizures or forfeitures and injunctive proceedings commenced prior to the effective date of section 1101 [May 1, 1971] shall not be affected by the repeals or amendments made by such section or section 1102, or abated for reason thereof.

The incorporation of the general saving statute would add to the Drug Control Act this language:

The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability * * *. 1 U.S.C. § 109.

A comparison of the two saving provisos shows that § 1103 preserved no proceeding not already saved by § 109.

Taxpayer urges that we resolve the redundancy by applying the "maxim" of statutory construction that the expression of one thing excludes others not expressed, and thereby limit the rights of action under repealed laws which would be saved to those pending proceedings enumerated in § 1103.[1] Taxpayer has constructed this ingenious two-part formulation which he asserts will harmonize existing precedent:

(A) Where a repealing act contains a special saving clause, the general saving statute (1 U.S.C. § 109) does not apply. In such case, the special saving clause applies to the exclusion of the general saving statute.

(B) An exception to Rule (A) above occurs if the purpose of the special saving clause is to save something which would not otherwise be saved by 1 U.S.C. § 109. In such a case the special saving clause is a supplement to 1 U.S.C. § 109 and both are applicable.

■ The basic flaw in taxpayer's novel approach is that it treats statutory construction as a science sufficiently orderly to obey set rules or formulae. It is not. *See National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974). The only pole star is legislative intent. In every case, that star's location must be plotted on the basis of all available

1. Taxpayer's principal precedent for asserting that the Drug Control Act enactment must be construed to displace the general saving statute is *Territory of Alaska v. American Can Co.*, 246 F.2d 493, 17 Alaska 280 (9th Cir. 1957), *reversed*, 358 U.S. 224, 79 S.Ct. 274, 3 L.Ed.2d 257 (1959). This case construed a three-section emergency act that repealed all of the Alaska Property Tax Act except municipal, school, and public utility district taxes which had been levied and assessed or would be levied and assessed during the current year. The Court of Appeals found the repealer enactment was intended to override the General Saving Act of Alaska, § 19–1–1 Alaska Compiled Stat. Ann. (1949). Great reliance was placed on the wording in the bill's title "excepting from repeal certain taxes" which referred to the saving clause. The Supreme Court reversed, holding that this construction would conflict with a more reliable indication of legislative intent found in the history of the repealing bill. The government would distinguish this case on the basis that the General Saving Act of Alaska is significantly different from § 109 involved here because it does not include the phrase "unless the repealing Act shall so expressly provide." We need not reach this issue.

information. That this approach applies full force to the coordinated interpretation of repealer legislation, with or without a special saving clause, and an existing separate general saving statute is the lesson taught by the Supreme Court's reversal of the Ninth Circuit in *Territory of Alaska v. American Can Co., supra* n.1, and by our prior precedent in *United States v. Carter, supra.*

■ Even if the repeal of § 4741 could conceivably be viewed as prohibiting the collection of the remainder of an excise tax which was imposed on a specific transaction that was complete before repeal, assessed in full before repeal, and partially paid before repeal; we find persuasive evidence that Congress did not intend that result in this case. Neither the Drug Control Act itself nor its extensive legislative history [2] mentions an intent to extinguish tax liabilities previously incurred under § 4741. The House Report stated the principal purpose of the Drug Control Act thus:

> This legislation is designed to deal in a comprehensive fashion with the growing menace of drug abuse in the United States (1) through providing authority for increased efforts in drug abuse prevention and rehabilitation of users, (2) through providing more effective means for law enforcement aspects of drug abuse prevention and control, and (3) by providing for an overall balanced scheme of criminal penalties for offenses involving drugs.[3]

In the section-by-section analysis of the bill as enacted, the repealer and saving clauses were respectively described in these words:

Section 1101. Repeals

This section repeals the provisions of existing law which deal with narcotics and/or marihuana and which are presently within the jurisdiction of the Ways and Means Committee. The principal laws repealed are the Harrison Narcotics Act (sections 4701–4736 of the Internal Revenue Code of 1954), the Marihuana Tax Act (sections 4741–4762 of the 1954 Code), the Narcotic Drugs Import and Export Act (21 U.S.C. 171, 173, 174, 176–184, 185), and the Narcotics Manufacturing Act of 1960 (21 U.S.C. 501–517).

Section 1103. Pending proceedings

Subsection (a) of this section provides that prosecutions for any violation of law occurring prior to the effective date of the repealer section (sec. 1101) will not be affected by, or abated by reason of, the repeals or the conforming amendments made by section 1101 or 1102.

Subsection (b) provides that civil seizures or forfeitures and injunctive proceedings commenced prior to such effective date will not be affected by, or abated by reason of, the repeals or conforming amendments.[4]

*Leary* was not mentioned. No concern was expressed for its impact on the Marihuana Tax Act.[5] To the contrary, Congress expressly preserved all pending criminal proceedings under this Tax Act, even those which would have been directly affected by *Leary.* Moreover, it did not make repeal of the Marihuana Tax Act effective for seven months after the Drug Control Act was enacted. This highlights the most devastating argument against taxpayer's contention. It would attribute to Congress an implied intent to extinguish a tax liability imposed on a past transaction contrary to the specific negation of such an implication by the general saving statute. It would

2. H.Rep. No. 91–1441, 91st Cong., 2nd Sess. (3 U.S.Cong. and Admin.News 1971, p. 4566); Conf.Rep. No. 91–1603, 91st Cong., 2nd Sess. (3 Cong. and Admin.News 1971, p. 4657).

3. *Id.* at 4567.

4. *Id.* at 4647.

5. *Leary* did not hold the Marihuana Tax Act unconstitutional. Rather, it held that a timely and proper assertion of the Fifth Amendment privilege against self-incrimination should have provided *Leary* a complete defense to prosecution under the statute making it unlawful to acquire, transport or conceal untaxed marihuana, 26 U.S.C. § 4744. Indeed, the Court found the Marihuana Tax Act was intended merely to impose a very high tax on transfers to nonregistrants and not to prohibit such transfers entirely. The taxing statute, 26 U.S.C. § 4741, was not mentioned.

derive the implication both from and in spite of an express saving clause which preserved criminal prosecutions for failure to pay the extinguished tax. We refuse to ascribe such a ridiculous intent to this enactment. To the contrary, treating the general saving statute as a part of the Drug Control Act, we discern an intention that its liability-saving provision save the incurred, assessed and partially paid tax here.

Although we reject taxpayer's proposed rules, they do forcefully demonstrate that the general saving statute made the specific saving clause inserted in the Drug Control Act altogether unnecessary. This suggests a second "maxim" which requires courts to construe an enactment so as to give effect to all its provisions. Here again, the "maxim" must yield to the better view of legislative intent which can be garnered from an overview of the entire situation. Inadvertence or redundancy should not be assumed, but when the alternative is absurdity, the court seeking intent has no real choice.

The judgment appealed from is reversed and the cause is remanded for further proceedings not inconsistent herewith.

REVERSED and REMANDED.