No. 11. WASHINGTON ET UX. *v.* UNITED STATES. C. A. 4th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK joins, dissenting.

Petitioner Othello Washington was convicted of engaging in the wagering business without payment of the special occupational tax. This took place prior to our decision in *Grosso* v. *United States*, 390 U. S. 62, holding unconstitutional against a claim of self-incrimination a conviction under the same statute. In the course of that prosecution a search warrant was obtained and evidence was obtained on the basis of which the present civil suit for excise taxes, fraud penalties, and interest was brought.

The central question is whether the evidence obtained by a warrant in the criminal case, which retrospectively contained the constitutional infirmity noted in *Grosso,* may be used in this civil case.

Since, as we held in *United States* v. *Coin & Currency,* 401 U. S. 715, our decisions in *Grosso* and its companion, *Marchetti* v. *United States*, 390 U. S. 39, are retroactive, I do not see how evidence obtained by use of a search warrant, issued under the old regime which *Grosso* and *Marchetti* put into the discard, can do service for process in this new and wholly different civil proceeding.

There are means of discovery provided by the Rules of Civil Procedure* and by a special procedure, 26 U. S. C. § 7602, applicable to civil suits to collect federal taxes. The United States would never dare ask for a search warrant to ferret out the facts necessary for its civil suit. The fact that it obtained evidence by a warrant issued in a procedure incident to an unconstitutional prosecution should not now be turned into a windfall. The Government should turn square corners, not taxpayers alone.

---

*Fed. Rules Civ. Proc. 26–38.

In retrospect the warrant should not have issued, though under then-existing law it may have been wholly proper. We should hold the Government to the maxim expressed by Mr. Justice Holmes in *Silverthorne Lumber Co.* v. *United States,* 251 U. S. 385, 392:

> "The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all."

I would grant this petition for certiorari.

MR. JUSTICE BRENNAN, dissenting.

The courts below have ordered a sale of petitioner Othello Washington's farm to satisfy a tax lien. The extent of his liability was determined on the basis of evidence seized by Internal Revenue agents under a search warrant grounded upon the determination that there was probable cause to believe that he was engaged in the wagering business without having registered and paid the required occupational tax. We subsequently held that the Fifth Amendment prohibits the Government from requiring such registration of a gambler who justifiably fears that he will thereby incriminate himself, and who does not waive his privilege against self-incrimination. *Marchetti* v. *United States,* 390 U. S. 39 (1968). And we have just this Term held that prohibition applicable whether the failure to register took place before or after *Marchetti* was decided. *United States* v. *United States Coin & Currency,* 401 U. S. 715 (1971).

Under these cases, therefore, there is substantial doubt whether the Government could constitutionally punish petitioner for his failure to register.[1] By the same token,

---

[1] The Government does not dispute that petitioner's gambling activities were illegal under state law, and points to nothing in the record that would indicate petitioner would intelligently and knowingly waive his right against self-incrimination.

I think there is a substantial question whether the affidavits supporting the search warrant were sufficient to establish probable cause to believe that petitioner had committed an offense that the Government could constitutionally prohibit. For the affidavits on their face gave reason to believe that petitioner's gambling activities were in violation of local law,[2] and gave no reason to believe that petitioner would waive his right not to incriminate himself of such violations. I may assume that the Government, in showing probable cause to support a search warrant, need not negative any conceivable defense that might be raised by the suspect. Cf. *United States* v. *Ventresca,* 380 U. S. 102, 107–109 (1965). But where, as here, the affidavits in support of the warrant indicate the likely existence of an absolute defense to the crime charged that will be unavailing only if explicitly waived by the accused, it is surely not evident that the Fourth Amendment's requirement of probable cause to believe that an offense has been committed is satisfied. I would grant certiorari and set the case for argument.

---

[2] Indeed, the affidavits and the District Court relied upon petitioner's past arrests on gambling charges to support the finding of probable cause.