**Hal SIMMONS, Administrator of the Estate of Melvin D. Anderson, Deceased, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 72-1020.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 18, 1972.

Decided April 2, 1973.

Kendall O. Schlenker, Albuquerque, N. M. (James M. Parker, Jay R. Payne, and Charles I. Wellborn, Albuquerque, N. M., on the brief), for appellant.

Wesley J. Filer, Atty., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, and John P. Burke, Attys., Dept. of Justice, Washington, D. C., and Victor R. Ortega, U. S. Atty., Albuquerque, N. M., of counsel, on the brief), for appellee.

Before SETH and HOLLOWAY, Circuit Judges, and LANGLEY,* District Judge.

HOLLOWAY, Circuit Judge.

This appeal involves the validity of a claim by the government for excise taxes imposed on a transfer of marihuana alleged to be due under the Marihuana Tax Act provisions in 26 U.S.C.A. § 4741 (1954).[1] Appellant Simmons raises only one issue here—the constitutionality of the excise tax provisions. He argues that in view of the self-incrimination principles pronounced in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57,[2] the marihuana excise tax

---

* Honorable Edwin Langley, Chief Judge of the Eastern District of Oklahoma.

1. These excise tax provisions have since been repealed by Public Law 91–513, Title III, § 1101(b) (3) (A), October 27, 1970, 84 Stat. 1292. However the repealing statute had a savings clause providing that civil seizures or forfeitures or injunctive proceedings commenced prior to the effective date of § 1101 shall not be affected by the repeals or amendments or abated by reason thereof.

The answer, counterclaim and cross-claim of the government, including its claim for the foreclosure of its tax lien against the interests of Melvin D. Anderson in certain properties, and for a de-

ficiency judgment for any amount unsatisfied, was filed October 31, 1969. Anderson moved to dismiss the government's cross-claim on December 9, 1969, and asserted the constitutional challenge to the marihuana excise tax by that motion. Anderson died prior to entry of judgment and appellant Simmons, his administrator asserts that same contention.

2. Appellant relies also on Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed. 2d 906, and similar decisions under the Fifth Amendment privilege against self-incrimination.

provisions are no longer valid and are not now sustained by the United States v. Sanchez, 340 U.S. 42, 71 S.Ct. 108, 95 L.Ed. 47. We do not agree and affirm the trial court's judgment which rejected these contentions.

The principal facts are as follows. Carmen Paz sued for injunctive relief and to quiet title on property she claimed as her own against a federal tax lien based on a claim for marihuana excise tax against her husband, Melvin D. Anderson. The government answered and counterclaimed against her and also cross-claimed against Anderson. The government sought to foreclose its tax lien against funds and properties of Anderson and his wife and requested a deficiency judgment against him for any amount unsatisfied. The principal claim asserted by the government was based on an assessment of marihuana excise tax in the amount of $483,200 and interest thereon, claimed to be due from Anderson. Anderson moved to dismiss the claims against him, asserting the unconstitutionality of the marihuana excise tax.

The trial court granted summary judgment for the government on the marihuana excise tax liability. From the papers and from some evidence taken the court found that Carmen Paz and Melvin D. Anderson were married at all material times; that certain properties were their community property and that one business property had been validly assigned to Carmen Paz and that no cause was shown to set aside that assignment. The trial court found that there was no genuine issue of material fact as to the claim for marihuana excise tax against Anderson assessed in the sum of $483,200, plus interest. And the court concluded that the tax was a valid civil tax that could be collected from the interests of Carmen Paz and of Anderson in their community property.

Judgment was entered for the marihuana tax and other liabilities totaling $567,393.58 against the estate of Anderson, who had died prior to entry of judgment. The judgment also provided for foreclosure of the tax liens and for entry of a deficiency judgment of any amount of the indebtedness of Anderson remaining unsatisfied after disposition of proceeds. Anderson's Administrator Simmons appeals, raising only the constitutionality of the marihuana excise tax. We turn to his contentions on appeal.

Appellant Simmons argues primarily that since the *Leary* decision on self-incrimination principles, the excise tax liability of $100 per ounce imposed by 26 U.S.C.A. § 4741(a)(2) may no longer be sustained as a valid civil tax as was held in United States v. Sanchez.

The *Leary* case involved a conviction on a third count charging that the defendant knowingly transported, concealed and facilitated concealment of marihuana without having paid the transfer tax imposed by 26 U.S.C.A. § 4741, 68A Stat. 560 (1954) (repealed 1970), thereby violating 26 U.S.C.A. § 4744(a)(2), 70 Stat. 567 (1956) (repealed 1970). The Court concluded that obtaining the required order form and payment of the $100 per ounce tax for a valid acquisition of the marihuana would have involved a substantial risk of self-incrimination. It was held, therefore, that Leary properly invoked the privilege against self-incrimination, which was a complete defense to this charge, and the conviction was reversed. While the *Leary* opinion discussed United States v. Sanchez in other contexts, it in no way vitiates the *Sanchez* holding or the reasoning which sustained the $100 per ounce tax as a valid tax.

The *Sanchez* case was a suit for recovery of the $100 tax under the antecedent statute, § 7(a)(2) of the earlier Marihuana Tax Act, 50 Stat. 551. Collection was resisted on the ground that the statute levied an unconstitutional penalty and not a tax. The Court held that imposition of the heavy liability was a legitimate exercise of the taxing power, despite its collateral regulatory purpose and effect and its severity as opposed to

the $1. tax rate on transfers to registered persons. The Court stated, 340 U.S. at 45, 71 S.Ct. at 110:

"Second. The tax levied by § 2590(a)(2) is not conditioned upon the commission of a crime. The tax is on the transfer of marihuana to a person who has not paid the special tax and registered. Such a transfer is not made an unlawful act under the statute. Liability for the payment of the tax rests primarily with the transferee; but if he fails to pay, then the transferor, as here, becomes liable. It is thus the failure of the transferee to pay the tax that gives rise to the liability of the transferor. Since his tax liability does not in effect rest on criminal conduct, the tax can be properly called a civil rather than a criminal sanction. The fact Congress provided civil procedure for collection indicates its intention that the tax be treated as such. Helvering v. Mitchell, 1938, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917. Moreover, the Government is seeking to collect the levy by a judicial proceeding with its attendant safeguards. Compare Lipke v. Lederer, 1928, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061; Tovar v. Jarecki, 7 Cir., 1949, 173 F.2d 449."

We recognize that *Sanchez* did not involve self-incrimination principles and that *Leary* and the three self-incrimination cases[3] foreshadowing it significantly extended the application of those principles. However we cannot agree with appellant that the collection of the tax amounts to a punishment or penalty for exercise of the privilege against self-incrimination and feel that the privilege is not involved in this suit. Therefore we conclude that the rationale of *Sanchez* is unimpaired and still sustains the tax as a valid civil liability.

In Anderson's situation the $100 tax was the only rate involved if he acquired the marihuana, regardless of his actions. We must assume that he was not a lawful dealer or possessor of marihuana under federal and state law, for otherwise the self-incrimination claim would have no substance as a good faith defense.[4] As an unlawful possessor of marihuana, Anderson was not entitled under the statute and the Treasury Regulations to register and thereby qualify to pay the tax at the $1. rate. He could either pay the $100 per ounce transfer tax and give incriminating information, see Leary v. United States, supra 395 U.S. at 26, 89 S.Ct. 1532, or he could refuse to do so and remain liable for the tax at the $100 rate. The liability was the same whether Anderson voluntarily paid the tax or whether he failed to do so and was subjected to the liability by a collection suit as occurred here.

Thus the liability at the $100 rate is not a penalty or punishment for asser-

3. Marchetti v. United States, supra; Grosso v. United States, supra, and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923.

4. In view of the statute and regulations we feel it is clear that there is no practical possibility that Anderson was in a group entitled to register and pay the occupational tax imposed by 26 U.S.C.A. § 4751, 68A Stat. 563 (1954) (repealed 1970) on importers, manufacturers and the like, and on persons dealing in marihuana. See § 4751(5), 68A Stat. 563 (1954) (repealed 1970). Under the pertinent regulations such persons dealing in marihuana and other persons registering must show that under the laws of the jurisdiction in which they are op-

erating or propose to operate, they are legally qualified or entitled to engage in the activities for which registration is sought. Treas.Reg. §§ 152.22 and 152.23; 26 C.F.R. §§ 152.22 and 152.23 (1964). We believe these regulations are valid. See Leary v. United States, supra, 395 U.S. at 24 n. 38, 89 S.Ct. 1532; Minor v. United States, 396 U.S. 87, 93, 90 S.Ct. 284, 24 L.Ed.2d 283; Bingler v. Johnson, 394 U.S. 741, 749–750, 89 S.Ct. 1439, 22 L.Ed.2d 695; United States v. Correll, 389 U.S. 299, 305–306, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967).

On the other hand, if Anderson had been a dealer within § 4751(5), entitled to register as legally qualified, there would have been no self-incrimination problem.

tion of the privilege against self-incrimination. Rather it is a severe tax burden that Congress may validly impose under the taxing power for the collateral purpose of discouraging unlawful acquisition of marihuana. See United States v. Sanchez, supra 340 U.S. 45–46, 71 S. Ct. 108. Of course since *Leary*, Anderson need not pay the tax voluntarily and furnish incriminating information and he has a valid defense to prosecution for not voluntarily paying the tax and furnishing incriminating information, by a timely and proper assertion of the privilege. He is not, however, relieved of liability for the civil tax by pleading the Fifth Amendment. We agree with the reasoning of the Court of Claims in Cancino v. United States, 451 F.2d 1028, 1032, 196 Ct.Cl. 568, cert. denied, 408 U.S. 925, 92 S.Ct. 2504, 33 L.Ed.2d 337:

> " . . . While the transferee may not have a duty to voluntarily pay the transfer tax in circumstances where doing so would be self-incriminating, neither can he complain that his Fifth Amendment privilege is infringed if the Internal Revenue Service later collects the tax pursuant to a valid lien. Since the transferee remains civilly liable for the transfer tax, the transferor is also liable and likewise cannot complain about an involuntary collection."[5]

See also United States v. Alvero, 470 F.2d 981 (5th Cir., filed Jan. 19, 1973).

We feel that this conclusion is also supported by similar decisions reached under the wagering tax statutes. While *Marchetti* and *Grosso* sustained the self-incrimination defense against prosecutions under those statutes for failure to furnish incriminating information, the attendant civil tax liability has been upheld. Cole v. Cardoza, 441 F.2d 1337, 1340–1341 (6th Cir.); Washington v. United States, 402 F.2d 3, 5–6 (4th Cir.), cert. denied, 402 U.S. 978, 91 S.Ct.

1641, 29 L.Ed.2d 145, and see United States v. United States Coin & Currency, 401 U.S. 715, 717–718, 91 S.Ct. 1041, 28 L.Ed.2d 434.

We have examined the carefully reasoned opinion in Jensen v. United States, No. C–2938 (D.Colo., unpublished, filed Mar. 27, 1972). The court there concluded that under present law protecting assertion of the privilege against self-incrimination, the $100 tax rate constituted an impermissible burden on assertion of the privilege. However, for the reasons stated we respectfully disagree.

Accordingly we conclude that the trial court properly decided this case and affirm.

5. We likewise agree with the Court of Claims that United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434, is inap- posite since this suit for collection of a civil tax lacks the criminal penalty ingredient present in the forfeiture suit in *Coin & Currency*.