**A. H. ALEXANDER and Mary Alexander, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 72-1014
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 12, 1973.

Morley H. White, Houston, Tex., for petitioners-appellants.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., U. S. Dept. of Justice, K. Martin Worthy, Chief Counsel, Eugene F. Colella, Internal Revenue Service, Washington, D. C., for respondent-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

In this civil action for assessment of additional wagering income taxes, the taxpayer asserts that evidence gathered by the government for use in a prior criminal action through the device of a search warrant was inadmissible. The taxpayer urges that the Supreme Court's decision in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), necessitate a declaration that the warrant was per se invalid.

While this circuit has given full effect to a retroactive application of the *Marchetti-Grosso* rule, United States v. Lucia, 423 F.2d 697 (5th Cir., 1970), cert. denied 402 U.S. 943, 91 S.Ct. 1607, 29 L.Ed.2d 111 (1971), we are not compelled to declare the warrant a nullity.[1] The aforementioned Supreme Court decisions did not abolish the wagering tax statute nor did it abolish the criminal offenses therein specified. Washington v. United States, 402 F.2d 3 (4th Cir., 1968), cert. denied 402 U.S. 978, 91 S.Ct. 1641, 29 L.Ed.2d 145 (1971). They did provide a complete defense to a criminal conviction where the accused properly raises his constitutional privilege against self-incrimination.

In the case at hand we find the warrant to have been proper in all respects. We further find appellants' remaining contentions without merit.

The judgment of the Tax Court is affirmed.

1. United States v. Scaglione, 446 F.2d 182 at 184–187 (5th Cir., 1971.)