478 F.2d 1406
 73-2 USTC P 16,115
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony J. Spilotro, Plaintiff-Appellant
v.
United States of America, Defendant-Appellee.
 No. 72-1740.
 United States Court of Appeals, Seventh Circuit.
 June 21, 1973.
 
 Before Hon. Tom C. CLARK, Associate Justice,* Wilbur F. PELL, Jr., Robert A. SPRECHER, Circuit Judges.
 
 Order
 
 1
 Plaintiff appeals from a judgment of dismissal in a suit for refund of federal excise taxes and a default judgment on defendant's counterclaim for the balance of an assessment for wagering taxes entered by the district court following plaintiff's failure to answer or to timely object to government interrogatories. We affirm.
 
 
 2
 The plaintiff, Anthony J. Spilotro, filed a complaint in the district court on May 26, 1971, seeking a refund of $11,613 in taxes allegedly illegally collected. The defendant United States answered the complaint and filed a counterclaim for the balance of a $19,759 wagering tax assessment against the taxpayer made subsequent to an arrest of the taxpayer for alleged gambling violations by the Chicago police on February 3, 1970. At the time of taxpayer's arrest, the police seized $11,613 from his person. This money was subsequently levied upon by the Internal Revenue Service following its assessment against the taxpayer. At a hearing on the alleged gambling violations in a state court, the court held that no probable cause existed for the search of the taxpayer and that the evidence obtained during the search must be suppressed.
 
 
 3
 On October 4, 1971, the United States served fifteen interrogatories on taxpayer requesting information regarding the sources of taxpayer's income, his employers and employees, wagering activities, and evidence upon which taxpayer based his claim that he was not engaged in wagering activities. Pursuant to Rule 33, Fed.R.Civ.P., taxpayer was given thirty days to file answers or objections and reasons for objections. On November 8, 1971, taxpayer was given a two-week extension within which to file the answers or objections to the interrogatories. On December 16, 1971, taxpayer was given an additional twenty days to file answers or objections. On February 11, 1972, the United States filed a motion to dismiss for failure to answer interrogatories. Alternatively, the government asked that the taxpayer be required to answer the interrogatories. Consideration of the motion was continued until February 24, 1972 and later, on taxpayer's motion, until February 25, 1972.
 
 
 4
 On February 25, 1972, approximately 144 days after the interrogatories had been served and 51 days after answers or objections were due on the last date to which an extension had been granted, taxpayer finally filed objections. The objections stated generally that the assessment was calculated from records illegally seized on February 3, 1970, that the decision to make the assessment was made by the government because of taxpayer's reputation, and that the interrogatories propounded by the government were therefore irrelevant and immaterial as well as constitutionally impermissible. Consideration of these objections and the motion to dismiss was continued to March 6, 1972. On March 2, 1972, taxpayer filed a motion for summary judgment on the ground that the assessment was illegal because based on illegally seized evidence.
 
 
 5
 On April 28, 1972, the district court ordered taxpayer to answer the interrogatories within twenty days stating that the taxpayer waived objections by failing to timely respond and that taxpayer had otherwise failed to comply with Rule 33, Fed.R.Civ.P., by filing blanket objections which failed to respond to each interrogatory and did not separate "the irrelevant from the constitutionally impermissible." Taxpayer filed a motion to vacate on May 8, 1972, on the ground that the district court implicitly waived the tardiness in answering by permitting the filing of objections and that the objections squarely presented the constitutional issue of self-incrimination. On May 30, 1972, taxpayer having failed to answer the interrogatories, the district court granted the government's motion to dismiss. Summary judgment for the government on its counterclaim was granted on June 12, 1972.
 
 
 6
 The district court's action was within its power of discretion. The taxpayer repeatedly ignored the requirements of Rule 33 and the extensions of time allowed by the district court. No objections were filed until 144 days after the interrogatories were served and 51 days after the close of the last extension of time permitted by the district court.[1] Rule 37(d), Fed.R.Civ.P., provides that if a party fails to serve answers or objections to interrogatories submitted under Rule 33, "the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs ... (C) of subdivision (b)(2) of this rule." Paragraph (C) under Rule 37(b)(2) expressly allows the court to dismiss an action or to render a judgment by default against a disobedient party.
 
 
 7
 The fact that taxpayer alleges that the tax was assessed illegally and that the questions propounded by the government were constitutionally impermissible does not affect the result in this case. Yakus v. United States, 321 U.S. 444 (1944). Rule 37(d) specifically states that a failure to answer interrogatories may not be excused on the ground that the discovery is objectionable unless the party failing to act applies for a protective order under Rule 26(c). No such order was sought in this case. Furthermore, it is certainly not clear that the taxpayer could have established the illegality of the taxes or the interrogatories if objections had been timely made. A tax assessment is presumptively valid and the burden is on the taxpayer to prove that the assessment is invalid. Helvering v. Taylor, 293 U.S. 507, 515 (1935). Although the Supreme Court has held that a person may not be criminally convicted for failure to pay the taxes here involved upon a proper claim of privilege against self-incrimination, Marchetti v. United States, 390 U.S. 39 (1968), and Grosso v. United States, 390 U.S. 62 (1968), the civil liability sections have been upheld. Collins v. Daly, 437 F.2d 736, 739 (7th Cir.1971); Washington v. United States, 402 F.2d 3 (4th Cir.1968), cert. denied, 402 U.S. 978 (1971). Here the taxpayer sought to prosecute a civil proceeding rather than to defend himself in a criminal case. At least some of the interrogatories which he failed to answer were relevant to, and the answers a prerequisite for, success in the civil case.
 
 
 8
 We conclude that the district court did not abuse its discretion under the circumstances. The judgment appealed from is affirmed.
 
 
 9
 Affirmed.
 
 
 
 *
 Honorable Tom C. Clark of the United States Supreme Court, Retired, is sitting by designation
 
 
 [1]
 Even when the objections were belatedly filed, they were broad, vague and non-specific