Jonathan A. **WIDDIS**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. No. F–10–73.

United States District Court, D. Alaska.

Aug. 19, 1974.

Thomas E. Fenton, Call, Haycraft & Fenton, Fairbanks, Alaska, for plaintiff.

G. Kent Edwards, U. S. Atty., Anchorage, Alaska, Asst. U. S. Atty. Stephen Cooper, Fairbanks, Alaska, for defendant.

## MEMORANDUM AND ORDERS

JAMES A. von der HEYDT, Chief Judge.

This cause comes before the court upon plaintiff's motion for a partial summary judgment and defendant's motion for a summary judgment, both pursuant to Fed.R.Civ.P. 56. Widdis instituted this action to recover $3,977.92 paid because of a tax assessment entered against him under the Marijuana Transfer Tax, 26 U.S.C. § 4741 et seq. The United States has counterclaimed for $8,-288.08, the amount remaining unpaid under the original assessment. The assessment was made on or about January 7, 1970, in the amount of $12,300.00. Subsequent to that time, the Comprehensive Drug Abuse Prevention and Control Act of 1970 was enacted, P.L. 91–513, 84 Stat. 1236, which repealed the Marijuana Transfer Tax as of May 1, 1971. Section 1103 of the repealing statute provides

(a) Prosecutions for any violation of law occurring prior to the effective date of Section 1101 shall not be affected by the repeals or amendments made by such section or section 1102, or abated by reason thereof.

(b) Civil seizures or forfeitures and injunctive proceedings commenced prior to the effective date of section 1101 shall not be affected by the repeals or amendments made by such section or section 1102, or abated by reason thereof.

Defendant's motion for summary judgment will be considered first. The Court is satisfied that there are no genuine issues of material fact in relation to the defendant's motion for summary judgment. Accordingly the defendant is entitled to prevail on his motion if he is entitled to judgment as a matter of law.

There are two principal issues of law involved. First, whether the repeal of the Marijuana Transfer Tax, *supra*, prevents collection of this tax assessment made prior to such repeal. See Section

1103, *supra.* Secondly, if the I.R.S. is still entitled to collect this tax, does the Marijuana Transfer Tax constitute an impermissible burden upon plaintiff's exercise of his Fifth Amendment right to avoid self-incrimination.

■ Dealing with the nonconstitutional issue first, the Court finds that the I.R.S. may validly collect this tax assessed against plaintiff. This is so for several reasons.

As stated previously, the assessment was made before the repeal of the transfer tax. The liability for the tax became effective either as of the date of the assessment or as of the date of the transfer of marijuana. In either case this was before the repeal of the tax. See 26 U.S.C. § 4741(a) which refers to the transfers of marijuana. As stated in Johnson v. City of Fairfax, 394 F. Supp. 387 (E.D.Va.1972),

> The effective date of the repeal of 26 U.S.C. § 4741 was May 1, 1971; however, as previously pointed out, the trafficking in marijuana which gave rise to the tax asserted in the Notice of Levy took place during the period Thanksgiving, 1969, to March 20, 1970. During this period the tax became due immediately upon any sale or purchase of marijuana. It therefore became due during the period in which 26 U.S.C. § 4741 was in force. Subsequent repeal of that statute would not eliminate the accrued tax liability. 1 U.S.C. § 109.

Section 109 of Title 1 U.S.C. is a general savings clause which provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. The expiration of a temporary statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute; unless the temporary statute shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

Therefore, the fact that the transfer tax has been repealed is of no consequence unless it appears that the repealing statute, Section 1103, expressly provides that any accrued liability shall be relinquished. Clearly Section 1103 expressly does not do this. Rather, it addresses itself to the point that civil seizures or forfeitures and injunctive proceedings commenced prior to May 1, 1971, shall not be affected by the repeal of the transfer tax. Plaintiff argues that this necessarily implies that those proceedings initiated after the effective date are invalid and that there has been the requisite "civil seizure or forfeiture" in the instant case.

Although the Court finds that Section 1103 implies that proceedings commenced after the effective date of the repeal are invalid, 1 U.S.C. § 109 says "expressly". Therefore, 1 U.S.C. § 109 allows the I.R.S. to collect the accrued but unpaid taxes.

■ However, another reason exists why Section 1103 is not a bar to the government's counterclaim. When 1103 speaks of "civil seizures or forfeitures" the reference is to seizure of contraband, not tax collection efforts by the I.R.S. This point is discussed with expertise in the government's brief at page 8.

> Plaintiff incorrectly assumes that the terminology "civil seizure or forfeitures" as used in that section pertains to and includes the collection efforts of the Internal Revenue Service. However, reading the entire statute, in its total context reveals that the "seizures" and "forfeitures" within the meaning of Section 1103(b), *supra,* refers to seizures of marijuana or other narcotics or contraband, or the

proceeds therefrom, which traffic is illegal, and not the collection efforts of the Internal Revenue Service to collect the accrued tax liabilities. Section 1103(b), *supra*, refers to Sections 1101 and 1102 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 which repeal an entire series of criminal statutes pertaining to the possession and transfer of dangerous drugs. Section 1103(a), the companion to subsection 1103(b), insures the criminal prosecution for violations occurring prior to the repeal date shall not be affected by the repeal. It states consistent with the purpose of Section 1103(a), that Section 1103(b) expressly insures that, among other things, seizures of contraband made before the repeal date are not vitiated. The underlying policy of these two subsections is clearly to maintain and preserve the statutory prohibition and penal sanctions of the law for violations occurring prior to the repeal date. It is submitted that defendant's position is consistent with this policy by upholding the tax liabilities accruing on violations occurring prior to the repeal of the statute. To the contrary, though, is plaintiff's interpretation which would undercut the clear intention of Section 1103 and extinguish the collection efforts of the government even though the violation admittedly occurred prior to May 1, 1971, and even though the criminal sanctions and contraband seizures for such violation are expressly retained by the saving language in Sections 1103(a) and (b). In other words, plaintiff's interpretation would create the situation where the government, after the repeal, could prosecute violators under Section 1103(a) and could preserve any seizures or forfeiture and injunctive proceedings under Section 1103(b), for violations occurring before the repeal date, but could not collect the civil excise tax liability due on such violations. Such a result was never intended by Congress, nor is there any evidence to indicate Congress ever contemplated that distinction.

*See also*, United States v. U. S. Coin & Currency, 401 U.S. 715, 718, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1970).

■ Since the I.R.S. remains entitled to collect the accrued tax liability despite the repeal of the Marijuana Transfer Tax, this Court now must address the constitutional issue. Plaintiff contends that the Marijuana Transfer Tax is an impermissible infringement upon the exercise of plaintiff's Fifth Amendment right to avoid self-incrimination in that the tax makes the exercise of the privilege costly, citing Spevack v. Klien, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967); Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967); and Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886). Presumably the plaintiff also relies on United States v. U. S. Coin & Currency, *supra*.

Three decisions, insofar as is known, have addressed this precise constitutional question. Both Simmons v. United States, 476 F.2d 715 (10th Cir. 1973) and Cancino v. United States, 451 F.2d 1028, 196 Ct.Cl. 568 (Ct.Cl., 1971) have upheld the constitutionality of the statute in question. However, Jensen v. United States, 29 A.F.T.R.2d 116 (Colo. March 27, 1972) holds that the tax "imposes an unconstitutional burden on the exercise of the privilege against self-incrimination".

This court will not attempt to set forth in lengthy fashion a complete analysis of the question and precedent involved as this adequately has been accomplished in the three aforementioned decisions, particularly *Jensen, supra*. Although *Jensen* presents an excellent analysis of the issues, this Court cannot agree with the holding of that case for two reasons, both of which were relied on in *Simmons, supra*.

First, the Court does not find that *Coin & Currency, supra*, mandates the result reached in *Jensen*. Involved here

is a civil action to collect taxes rather than a forfeiture proceeding which "though they may be civil in form, are in their nature criminal for Fifth Amendment purposes." United States v. U. S. Coin & Currency, 401 U.S. at 718, 91 S.Ct. at 1043, quoting Boyd v. United States, 116 U.S. 616, 634, 6 S.Ct. 524, 29 L.Ed. 746 (1886). This is a significant difference. Involved here is simply a legitimate exercise of the taxing power. United States v. Sanchez, 340 U.S. 42, 71 S.Ct. 108, 95 L.Ed. 47 (1950); Simmons v. United States, *supra*. The Court cannot find that the exercise of the taxing power by way of the Marijuana Transfer Tax has such criminal overtones as to fall under the rationale of *Coin & Currency, supra*.

Secondly, the Court does not find that the existence of the $100.00 per ounce rate upholds the assertion of the privilege against self-incrimination as costly. Plaintiff would be required to pay the $100.00 per ounce rate whether he asserted his privilege or voluntarily waived it. This is so since under the Treasury Regulations sections 152.22 and 152.23, 26 CFR 152.22 and 152.23 (1964), which presumptively are valid, Minor v. United States, 396 U.S. 87, 93 n.6, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969), plaintiff does not fall within the class of persons entitled to the $1.00 per ounce rate. Therefore, plaintiff here is not coerced into giving up his privilege against self-incrimination as was the case in Garrity v. New Jersey, *supra,* and Spevack v. Klien, *supra.* Since the higher tax rate lacks coercive effect upon plaintiff's exercise of his Fifth Amendment privilege against self-incrimination, the tax is one which Congress may validly impose "under the taxing power for the collateral purpose of discouraging unlawful acquisition of marihuana." *Simmons, supra,* at p. 719. *See Sanchez, supra,* 340 U.S. at 45–46, 71 S.Ct. 108.

Therefore, the defendant is entitled to summary judgment, there being no issue as to any material fact and defendant being entitled to judgment as a matter of law. Since the Court has decided that defendant is entitled to summary judgment, plaintiff's motion for partial summary judgment must be denied as the issues decided in relation to defendant's motion are dispositive of plaintiff's claim.

Accordingly, it is ordered:

1. That defendant's motion for summary judgment is granted.

2. That plaintiff's motion for partial summary judgment is denied.

3. That defendant's counsel forthwith prepare an appropriate judgment form.